UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                Case No. 8:07-cr-289-T-24TBM

WILLIAM PAVA,

    Defendant.
_____/

**O R D E R**

THIS CAUSE is before the court on the **United States Motion for DNA Sample from William Pava** (Doc. 19) and the Defendant's response in opposition (Doc. 20).  By this motion, the government seeks an order granting permission to take a buccal (cheek) swab from the Defendant who is presently in the custody of the United States Marshal pending prosecution on a Hobbs Act robbery.  The government asserts that the swab has been requested by the Florida Department of Law Enforcement ("FDLE") and is necessary to permit additional DNA testing of evidence seized subsequent to the alleged robbery.  The Defendant opposes the motion on grounds that the taking of the swab is unreasonable and unnecessary.  Because the taking of the buccal swab may constitute a search, the court directed the government to provide an affidavit in support of the request.  The motion has been supplemented by the affidavit of Walter D. Lanier, a Special Agent the Bureau of Alcohol, Tobacco, Firearms and Explosives.  See (Doc. 21).

Upon consideration, the motion is granted.  There is probable cause to believe that DNA of the Defendant will provide evidence of a criminal violation of 18 U.S.C. §§ 1951 and 2.  Further, while the government has some DNA evidence already,

there is a need for the buccal swab as evidenced by the request by the analyst of the FDLE that such is necessary for further confirmation of his testing.[1] Reasonable procedures are available to minimize the intrusion and assure that the swab is taken without harm to the Defendant. See Schmerber v. California, 384 U.S. 757 (1966).

Accordingly, the **United States Motion for DNA Sample from William Pava** (Doc. 19) is **GRANTED**. The taking of the buccal swab from the Defendant will occur at the medical facility in the jail at which the Defendant is housed, and will be taken either by a licensed nurse or doctor connected with the facility. Counsel for the Defendant shall be notified in advance so that she may be present.

**Done and Ordered** in Tampa, Florida this 29th day of October 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Patricia Kerwin, Assistant United States Attorney
Darlene Barror, Attorney for Defendant

---

[1] While Defendant argues that there is no necessity for the taking of the buccal swab because his DNA is already on file in the National Convicted Offender DNA Database, and a positive test result has already been reported, the first test result was inconclusive and Defendant does not purport to stipulate that the DNA evidence found on the sweatshirt believed worn at the time of the robbery is his. Thus, the matter appears disputed and in need of additional investigation. Surely, Defendant will not complain if the next DNA test exonerates him.