**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WILLIAM PAVA,

    Plaintiff,

v.                                              Cv. Case No: 8:15-cv-1757-T-24AEP
                                              Crim. Case No.: 8:07-cr-00289-T-24AEP

UNITED STATES OF AMERICA,

    Defendant.

_____

**ORDER**

    This cause comes before the Court on Petitioner William Pava's *pro se* motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Civ. Doc. No. 1; Cr. Doc. No. 117). The Court will not cause notice thereof to be served upon the United States Attorney and shall proceed to address the matter, because a review of this motion and the record in this case conclusively shows that Petitioner is not entitled to relief.

**I.    BACKGROUND**

    On February 19, 2008, a Second Superseding Indictment charged Petitioner and a co-defendant with three counts: Count One: conspiracy to take and obtain personal property of another by means of actual or threatened force, violence, or fear of injury, in violation of 18 U.S.C. § 1951(a); Count Two: taking or obtaining personal property of another, or aiding and abetting another to do so, by means of actual or threatened force, violence, or fear of injury, in violation of 18 U.S.C. § 1951 & 2; and Count Three: knowingly carrying, using, and brandishing a firearm and aiding or abetting the carrying, using, and brandishing of a firearm, in violation of 18 U.S.C. § 924(c). (Cr. Dkt. 47). On February 25, 2008, Petitioner pled not guilty to the charges contained in the Second Superseding Indictment. (Cr. Dkt. 50).

On March 6, 2008, after a three-day trial, a jury found Petitioner guilty of all three counts of the Second Superseding Indictment. (Cr. Dkt. 79). On June 24, 2008, Petitioner was sentenced to imprisonment for a total term of 120 months as to Counts One and Two, to run concurrent to each other; and 84 months as to Count Three, to run consecutive to the sentence imposed in Counts One and Two. (Cr. Dkt. 93). Petitioner did not file a direct appeal.

On February 16, 2011, Petitioner moved to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Cr. Dkt. 105). On April 7, 2011, this Court denied Petitioner's motion as untimely. (Cr. Dkt. 107). Because Petitioner's first § 2255 motion was untimely, the Court denied it without reaching the merits of the grounds for relief asserted therein. *See id.*

Petitioner's instant motion, his second motion pursuant to § 2255, is dated March 1, 2015.

## II.   PETITIONER'S MOTION IS SUCCESSIVE

Petitioner's § 2255 motion is his second such motion to this Court. Pursuant to 28 U.S.C. § 2255(h), a second or successive § 2255 motion must be certified by a panel of the Eleventh Circuit prior to being filed in this Court. No such certification was obtained in this case. As such, this Court lacks jurisdiction to consider this successive § 2255 motion. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007).

## III.   PETITIONER'S MOTION IS UNTIMELY

The Antiterrorism and Effective Death Penalty Act of 1996 established a mandatory, one-year period of limitation for § 2255 motions, which runs from the latest of the following events:

(1)   the date on which the judgment of conviction becomes final;
(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

  (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or

  (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Petitioner's § 2255 motion is dated March 1, 2015, and it is deemed to have been filed on that date. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (explaining that a prisoner's § 2255 motion is considered filed on the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, is presumed to be the date the prisoner signed it).

  Under § 2255(f)(1), "when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires." *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Judgment was entered against Petitioner on June 24, 2008.[2] (Cr. Dkt. 93). Therefore, for purposes of the limitations period, Petitioner's conviction became final when the 10-day period for filing an appeal elapsed on July 8, 2008. *See* Fed. R. App. P. 4(b)(1) (prior to December 1, 2009, a defendant's notice of appeal in a criminal case was due within 10 business days after either entry of judgment or the filing of the government's notice of appeal). Accordingly, pursuant to § 2255(f)(1), Petitioner was required to file his § 2255 motion by July 8, 2009 in order for it to be timely filed. Petitioner did not submit the instant § 2255 motion to prison authorities for mailing until March 1, 2015. Therefore, Petitioner cannot rely on § 2255(f)(1) to establish the timeliness of his motion.

---

[2] The Court, acting *sua sponte*, entered an Amended Judgment (Cr. Dkt. 101) on June 8, 2009 to correct a scrivener's error as to the amount of restitution owed by Petitioner. The Court changed the amount of restitution from $325,235.25 to $352,235.25. In *United States v. Portillo*, 363 F.3d 1161, 1166 (11th Cir. 2004), the Eleventh Circuit held that when a district court corrects a clerical error in the restitution provision of a criminal judgment, the right to appeal does not begin anew. *See also Bowie-Myles v. United States*, 2006 WL 2092286 (M.D. Fla. July 26, 2006). Accordingly, the Court will calculate the timeliness of Petitioner's § 2255 motion using the date upon which the original Judgment became final.

3

### A.     Timeliness Under § 2255(f)(3)

Petitioner asserts that his § 2255 motion is timely because it asserts a right to relief based on the Supreme Court's decision in *Rosemond v. U.S.*, 134 S. Ct. 1240 (2014)*,* which was decided on March 5, 2014.[2] Under § 2255(f)(3), a § 2255 motion can be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review." Thus, Petitioner's motion, filed on March 1, 2015, would be timely if *Rosemond* falls within the parameters of § 2255(f)(3).

However, Petitioner's reliance on *Rosemond* is misplaced, because *Rosemond* did not announce a right that was "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 18 U.S.C. § 2255(f)(3). *Rosemond* was not made retroactive to cases on collateral review. Thus, Petitioner cannot rely on § 2255(f)(3) to establish the timeliness of his motion.

### IV.    CONCLUSION

Petitioner's motion is successive, it is untimely under § 2255(f)(1) because it was filed more than one year after his judgment of conviction became final, and Petitioner cannot rely on *Rosemond* to establish the timeliness of his motion under § 2255(f)(3). Accordingly, Petitioner's § 2255 motion (Civ. Dkt 1; Cr. Dkt. 117) is **DISMISSED** as successive and untimely.

The Clerk is directed to close the civil case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS **FURTHERED ORDERED** that Petitioner is not entitled to a certificate of

---

[2] Specifically, Petitioner contends that *Rosemond* establishes that Petitioner is actually innocent of aiding and abetting the possession of a firearm in furtherance of a violation of 18 U.S.C. § 924(c).

4

appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

      **DONE AND ORDERED** at Tampa, Florida, this 31st day of July, 2015.

*[Signature: Susan C. Bucklew]*
SUSAN C. BUCKLEW
United States District Judge

Copy To: *Pro Se* Petitioner